U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 3 1 2016

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

b

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 1:10-CR-00298-01 |
| VERSUS | CHIEF JUDGE DRELL |
| JAY SANDIFER | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the Court is a petition to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 by petitioner Jay Sandifer ("Sandifer") on December 8, 2015 (Doc. 111). Sandifer contends his attorney failed to perfect his appeal and asks the Court to re-enter the judgment in his case so he can perfect a timely appeal. Sandifer also asks the Court to dismiss his Section 2255 motion without prejudice if he is granted an out-of-time appeal. Sandifer is presently incarcerated in the Federal Correctional Institution in Miami, Florida (Doc. 111).

Sandifer was convicted on October 14, 2011, pursuant to a guilty plea entered in the United States District Court for the Western District of Louisiana, on one count of receipt of child pornography pursuant to 18 U.S.C. § 2252A(a)(2) (Doc. 59), and sentenced to 108 months imprisonment (Doc. 78). Sandifer filed a timely notice of appeal in March 2012 (Doc. 82). Notices to pay the filing fee or file an IFP application, order the transcript, and make a financial arrangement with the court reporter were sent to Sandifer's counsel of record by the Fifth Circuit Court of Appeals on March 26, 2012 (Doc. 83). Sandifer's appeal was dismissed for lack of prosecution on June

4, 2012 (Doc. 84) for failure to pay the filing fee and failure to order a transcript and make financial arrangements with the court reporter (Doc. 84).

## Law and Analysis

The Sixth Amendment to the United States Constitution guarantees criminal defendants the assistance of counsel. See Roe v. Flores–Ortega, 528 U.S. 470, 476 (2000). The entitlement to effective assistance does not end when the sentence is imposed, but extends to one's first appeal of right. See United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999) (citing Evitts v. Lucey, 469 U.S. 387, 394 (1985); Green v. Johnson, 160 F.3d 1029, 1043 (5th Cir. 1998)). A lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. See Roe, 528 U.S. at 477.

When counsel's failure deprives a defendant of his right to appeal, a defendant must show that he would have appealed, but for counsel's ineffective assistance. Id., at 484. If counsel's deficient performance led to the forfeiture of the appeal, prejudice must be presumed. Id. at 484-485. When counsel fails to file a requested appeal, a defendant is entitled to an appeal without showing that his appeal would likely have merit. See Rodriguez v. United States, 395 U.S. 327, 330 (1969).

The remedy for counsel's ineffective assistance in this context is an out-of-time appeal, which is accomplished by the denial of Sandifer's § 2255 motion without prejudice and the Clerk's re-entry of the criminal judgment, which begins the appellate timetable anew. See United States v. West, 240 F.3d 456, 460–61 (5th Cir. 2001); United States v. Tamez, 2015 WL 3866706, *3 (S.D.Tex. 2015). An out-of-time

direct criminal appeal starts the time for appeal to run anew as of the date the underlying criminal judgment is reinstated/re-entered. See West, 240 F.3d at 459-462.

It is clear that Sandifer would have appealed his conviction or sentence because he apparently instructed his trial counsel to file a notice of appeal and his trial counsel did so. Since Sandifer's trial counsel did not withdraw (and did not file an Anders[1] brief or arrange for court-appointed appellate counsel), he received notices from the Fifth Circuit instructing him to perfect Sandifer's appeal with payment of a filing fee and to order the transcript and arrange for payment with the court reporter. When these matters were not addressed, Sandifer's appeal was dismissed for failure to prosecute.

Since Sandifer's trial counsel did not withdraw from the case (and arrange for court-appointed counsel), he was responsible for assisting Sandifer in perfecting his appeal. Counsel's failure to address the filing fees and the transcript resulted in the dismissal of Sandifer's appeal for lack of prosecution. Therefore, Sandifer is entitled to an out-of-time appeal. See Rodriguez v. United States, 2012 WL 1038575 (W.D.Tex. 2012) (out-of-time appeal permitted where trial counsel failed to pay docketing fees, order transcripts, and make a financial arrangement with the court reporter); De Hoyos v. United States, 2007 WL 2010750 (S.D.Tex. 2007) (when an attorney filed a notice of appeal, did not withdraw from the case, and failed to assist his client in filing an *in forma pauperis* application and ordering the transcripts,

---

[1] See Anders v. California, 386 U.S. 738 (1967).

there is no distinction for Sixth Amendment purposes between failing to file a notice of appeal and failing to prosecute the appeal after notice therof has been filed, thereby abandoning the appeal). See also, Boynton v. United States, 2008 WL 706198 (S.D.Ga. 2008) (out-of-time appeal permitted where appeal was dismissed because counsel failed to pay filing fees and order the transcript).

Accordingly, Sandifer should be granted an out-of-time appeal and sent an application to proceed *in forma pauperis*, his § 2255 motion should be dismissed without prejudice; and his criminal judgment should be reinstated on the docket in order to start the time for appeal running anew as of the date the underlying criminal judgment is reinstated/re-entered. See Fed.R.App.P. Rule 4(b)(1)(A)(i).

## Conclusion

Based on the foregoing, IT IS RECOMMENDED that Sandifer be GRANTED AN OUT-OF-TIME APPEAL and sent an application to proceed *in forma pauperis*. Sandifer's **criminal judgment should be reinstated** on the docket of the court in order to start the time for appeal running anew and Sandifer should be instructed to file a notice of appeal within fourteen (14) days.

IT IS FURTHER RECOMMENDED that Sandifer's § 2255 motion be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being

4

served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

5

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 31st day of March 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge